UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERROD L. HERNDON,<br><br>            Plaintiff,<br><br>      v.<br><br>SACRAMENTO COUNTY SUPERIOR COURT,<br><br>            Defendant. | Case No.: 1:16-cv-00211-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Gerrod L. Herndon is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on February 16, 2016. For the reasons discussed below, Plaintiff's complaint must be dismissed, without leave to amend, for failure to state a cognizable claim.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

In vague and conclusory fashion, Plaintiff challenges the calculation of his good time credits by the Sacramento County Superior Court and names the Sacramento County Superior Court as the sole Defendant.

## III.

## DISCUSSION

The exclusive method for challenging the fact or duration of Plaintiff's confinement is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983 action. Nor may Plaintiff seek to invalidate the fact or duration of his confinement indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. Wilkinson, 544 U.S. at 81. Plaintiff also

cannot bring a section 1983 action where judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction or sentence until such conviction or sentence has been dismissed or overturned. Heck v. Humphrey, 512 U.S. 477, 486-487. The reasoning in Heck applies "no matter the relief sought (damages or equitable relief)." Wilkinson, 544 U.S. at 81-82; Whitaker v. Garcetti, 486 F.3d 572, 583 (9th Cir. 2007) (Heck's principle applies regardless of the form of remedy sought.").

Plaintiff is not seeking damages; he is challenging his credit calculation which affects the length of his criminal sentence. Nettles v. Grounds, 788 F.3d 992, 998 (9th Cir. 2015) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). As a result, Plaintiff is limited to seeking relief via a petition for writ of habeas corpus and this Court lacks jurisdiction over said petition. 28 U.S.C. § 2254(a). Venue for a habeas petition is proper in either the district of confinement or the district of conviction. Id. Because Plaintiff is challenging the calculation of his good time credits by the sentencing court which directly impacts the duration of his confinement, Plaintiff must file a petition in the sentencing court, namely the United States District Court for the Eastern District of California, Sacramento Division.[1]

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///

///

---

[1] While the Court would typically grant Plaintiff leave to amend in light of his pro se status, in this circumstance amendment would be futile because Plaintiff cannot challenge his criminal sentence by way of a section 1983 complaint. See Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **February 19, 2016**

UNITED STATES MAGISTRATE JUDGE